UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:11-cv-836-T-17MAP

MARYLAND CASUALTY COMPANY,

    Plaintiff,

vs.

RFB DISTRIBUTORS, INC.,

    Defendant.

_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** having come before the Court on the Motion for Entry of Final Default Judgment filed by Plaintiff, Maryland Casualty Company [D.E. 9].

**THIS COURT** having considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

Plaintiff filed this action on April 18, 2011, seeking a declaration of no duty to defend or indemnify RFB Distributors in the underlying action styled *Bearing Brokers, Inc. v. RFB Distributors, Inc. and John Does 1-10*, Case Number 10 CH 49696 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, (the "Underlying Lawsuit"). According to the Complaint, the Underlying Lawsuit alleges violation of the Telephone Consumer Protection Act 47, U.S.C. § 227, the Illinois Consumer Fraud Act and conversion against the Defendant as a class action for allegedly sending unsolicited facsimiles.

Plaintiff alleges there is no coverage under the policies attached as Exhibit "A" to the Complaint for the Underlying Lawsuit, because the Underlying Lawsuit does not allege or seek to

recover for any "bodily injury" or "property damage" caused by an "occurrence" as defined in the policies. In addition, even if the Underlying Lawsuit alleged coverage for "bodily injury" or "property damage" caused by an "occurrence defined in the policies, Plaintiff alleges that the policies' Expected or Intended Injury exclusion precludes coverage for expected or intended injuries which form the basis of the damages alleged in the Underlying Lawsuit. Plaintiff also alleges that an endorsement in the policies entitled "Exclusion - Violation of Statutes that Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material Or Information" also precludes coverage for the violations alleged in the Underlying Lawsuit.

According to the Return of Service [D.E. 5], Plaintiff served Defendant's President, Dan Robinson, with a copy of the Complaint on May 9, 2011. Defendant did not respond to the Complaint within the time required by the applicable Federal Rules of Civil Procedure, and on June 2, 2011, the Clerk of Court issued a Clerk's Default [D.E. 8]. As a result, all of the well plead allegations of fact in the Complaint are accepted as true. <u>Cotton v. Massachusetts Mutual Life Ins. Co.</u>, 402 F.3d 1267, 1278 (11th Cir. 2005). Pursuant to Rule 55, Default Judgment may now be entered against Defendant based on its failure to plead or otherwise defend. Based thereon, it is

**ORDERED AND ADJUDGED** that Final Default Judgment is hereby entered against Defendant, RFB Distributors, Inc., in favor of Plaintiff, Maryland Casualty Company. It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers, at Tampa, Florida, this 12th day of July, 2011.

ELIZABETH A. KOVACHEVICH
U.S. DISTRICT COURT JUDGE

cc: All Counsel of Record